# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| CECELIA DICKERSON, Individually and for Others Similarly Situated, | Case No. _____ |
| Plaintiff, | Collective Action |
| v. | |
| BUSINESS CONTROL SYSTEMS, LP. | Jury Trial Demanded |
| Defendant. | |

## ORIGINAL COMPLAINT

1.      Business Control Systems, LP (BCS) does not pay overtime to the hourly employees it employs as required by the Fair Labor Standards Act (FLSA).

2.      Instead, BCS pays these workers the same hourly rate for all hours worked, including those worked in excess of forty in a workweek.

3.      BCS did not pay Cecelia Dickerson (Dickerson) or any other workers like her, overtime as required by the FLSA.

4.      Dickerson brings this collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

5.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because BCS maintains its corporate headquarters in this District and Division in Dallas County.

### THE PARTIES

7.      Dickerson was an hourly employee of BCS.

8.      Her written consent is attached as Exhibit A.

9.      Dickerson worked for BCS in North and South Carolina.

10.     BCS is headquartered in Addison, Texas.

11.     BCS employed Dickerson and those similarly situated to her.

12.     BCS may be served with process by serving its registered agent Francis Ferguson Enterprises, LLC, 16415 Addison Rd., Suite 150, Addison, Texas 75001.

## COVERAGE UNDER THE FLSA

13.     At all relevant times, BCS was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14.     At all relevant times, BCS was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15.     At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because they had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment—that have been moved in or produced for commerce.

16.     At all relevant times, BCS has had an annual gross volume of sales made or business done of not less than $1,000,000.

17.     At all relevant times, Dickerson and the Putative Class Members (defined below) were engaged in commerce or in the production of goods for commerce.

## THE FACTS

18.     BCS is a staffing company that provides workers to the various industries including the power industry.[1]

19.     Among other things, it provides engineering and IT staffing services to its clients across various industries and throughout the country. *Id.*

20.     Dickerson worked for BCS in North and South Carolina for Duke Energy.

21.     Dickerson was an hourly employee of BCS.

22.     Dickerson earned $83.76 per hour while working at BCS.

23.     Dickerson worked as a project drill specialist.

24.     Dickerson worked for BCS from May 2015 until October 2020.

25.     BCS paid Dickerson at her regular hourly rate for all hours worked in a week, including those over 40 in a week.

26.     Thus, rather than receiving time and a half as required by the FLSA, Dickerson only received "straight time" pay for the overtime hours she worked.

27.     The "straight time for overtime" scheme violated the FLSA.

28.     BCS has known about the FLSA, and its overtime requirement, for many years.

29.     BCS nonetheless failed to pay certain hourly employees, such as Dickerson, overtime.

30.     Dickerson reported the hours she worked to BCS on a regular basis.

31.     Dickerson did not receive a "guaranteed" salary in accordance with the FLSA.

32.     BCS made improper deductions from Dickerson's weekly pay.

33.     Dickerson regularly worked over 40 hours.

34.     Dickerson received her "straight time" pay for all hours worked for all hours in a week.

---

[1] https://www.bcsmis.com/it-engineering-staffing/it-engineering-recruitment/

35.    BCS were and are aware of the overtime requirements of the FLSA.

36.    BCS nonetheless fail to pay certain employees, such as Dickerson, overtime as required under the FLSA.

37.    BCS failure to pay overtime to these workers was, and is, a willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

38.    BCS's illegal "straight time for overtime" policy extends beyond Dickerson.

39.    It is the "straight time for overtime" payment plan that is the policy that is alleged to violate the FLSA in this FLSA collective action

40.    Defendant paid dozens of hourly employees according to the same unlawful scheme.

41.    Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

42.    Therefore, the class is properly defined as:

> **All workers who perform services for Business Control Systems, LP who were paid "straight time for overtime" at any point in the last three years.** (The "Putative Class Members").

43.    The workers impacted by Defendant's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

## CAUSE OF ACTION – VIOLATION OF THE FLSA

44.    By failing to pay Dickerson and the Putative Class Members overtime at one-and-one-half times their regular rates, BCS violated the FLSA's overtime provisions.

45.    BCS owes Dickerson and the Putative Class Members the difference between the rate paid to them and the proper overtime rate.

46.    Because BCS knew or showed reckless disregard for whether its pay practices violated the FLSA, BCS owes these wages for at least the past three years.

4

47.     BCS is liable to Dickerson and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

48.     Dickerson and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

49.     Dickerson demands a trial by jury.

## PRAYER

50.     Dickerson prays for relief as follows:

    a.     An order allowing this action to proceed as a collective action under the FLSA and directing notice to all hourly employees who received straight time for overtime;

    b.     Judgment awarding Dickerson and the Putative Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

    c.     An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

    d.     All such other and further relief to which Dickerson and the Putative Class Members may show themselves to be justly entitled.

Respectfully submitted,

By: */s/ Michael A. Josephson*
  **Michael A. Josephson**
  Texas Bar No. 24014780
  **Andrew Dunlap**
  Texas Bar No. 24078444
  **JOSEPHSON DUNLAP LLP**
  11 Greenway Plaza, Suite 3050
  Houston, Texas 77046
  713-352-1100 – Telephone
  713-352-3300 – Facsimile
  mjosephson@mybackwages.com
  adunlap@mybackwages.com

  **AND**

  **Richard J. (Rex) Burch**
  Texas Bar No. 24001807
  **BRUCKNER BURCH PLLC**
  11 Greenway Plaza, Suite 3025
  Houston, Texas 77046
  713-877-8788 – Telephone
  713-877-8065 – Facsimile
  rburch@brucknerburch.com

  **ATTORNEYS IN CHARGE FOR PLAINTIFF**